

# UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF TEXAS
### OFFICE OF THE CLERK

| | |
|---|---|
| **David A. O'Toole** | 211 West Ferguson |
| Clerk of Clerk | Tyler, TX 75702 |

November 16, 2021

**Eric William Buether**
Buether Joe & Counselors, LLC
1700 Pacific Avenue
Suite 4750
Dallas, TX 75201

**Dakota Paul Kanetzky**
Perkins Coie LLP
500 W. 2nd Street
Suite 1900
Austin, TX 78701

In re: Lennon Image Technologies, LLC v. Target Corporation
**2:20-CV-362**

Dear Counsel and Parties,

The above-mentioned case is assigned to Chief Judge Rodney Gilstrap.

Chief Judge Gilstrap has informed me that it has been brought to his attention that, while the case has been assigned to him, a trust in which his spouse has an interest held stock in Target Corp. That stock has since been sold by the Trust. Neither Judge Gilstrap (himself or his spouse's trust) presently hold any interest in Target Corp. The Trust's prior ownership of this stock neither affected nor impacted Chief Judge Gilstrap's decisions, if he in fact made any decisions to date, in this case. However, the Trust's stock ownership might have required recusal under the Code of Conduct for United States Judges if it had continued to be held by said Trust. Whether or not continued ownership of such stock would have, in fact, required recusal is now a moot point. Chief Judge Gilstrap directed that I notify the parties of these circumstances.

As context for this letter, Advisory Opinion 69, from the Judicial Conference Codes of Conduct Committee, provides the following guidance:

      Finally, the Committee advises that should a judge decide to continue to participate in a matter following disposal of a disqualifying interest, the facts giving rise to the disqualification, the judge's disposal of the disqualifying interest, and the public interest in continued participation of the judge should generally be disclosed to the parties and on the record in the case. Although Advisory Opinion 71 contemplated disqualification after a Court of Appeals oral argument, the Committee explained "[s]imilar considerations would apply when a judgment was entered in a district court by a judge and it is later learned that the judge was disqualified."

      Judge Gilstrap has indicated that he intends, as of now, to continue to preside over this case.  While less than substantial efforts by the Court have been expended to date in this case, Judge Gilstrap believes the future efficiencies of his continued handling of this case supports the public interest of his continued participation. With this letter and Advisory Opinion 69 in mind, if you have objections to Judge Gilstrap's continued participation in this case, you may raise them directly with the Court through appropriate motion practice.

      Sincerely,

*David A. O'Toole*

David A. O'Toole
Clerk of Court